# McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Philip A. Goldstein**
Direct: 212.548.2167
pagoldstein@mcguirewoods.com
Fax: 212.715.6275

May 11, 2026

**<u>VIA CM/ECF</u>**

Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> **Re:**   ***Greenidge et al. v. Hometap Equity Partners, LLC et al.***
> **Case No. 3:26-cv-01431-GC-RLS**
> ***Request for Pre-Motion Conference for Motion to Compel Arbitration and Stay the Case***

Dear Judge Castner:

We represent defendants Hometap Equity Partners, LLC, and Hometap Investment Partners III SPV, LLC (collectively, "Hometap") and respectfully request a pre-motion conference regarding Hometap's anticipated motion to compel arbitration and stay this action under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq*.

This case concerns an Option Purchase Agreement that Plaintiffs Keicha Greenidge and Ryan P. Billey entered into with Hometap, through which Hometap purchased an option to later acquire an ownership interest in Plaintiffs' New Jersey home. *See* Compl. Ex. A, ECF No. 1-1. On February 12, 2026, Plaintiffs filed this putative class action, alleging that the Option Purchase Agreement is a mortgage loan subject to federal and state lending laws. The Complaint asserts five counts: (1) violations of the federal Truth in Lending Act; (2) violations of the New Jersey Home Ownership Security Act; (3) violations of the New Jersey Consumer Fraud Act; (4) violations of the New Jersey Truth in Consumer Contract, Warranty and Notice Act; and (5) a claim for declaratory and injunctive relief. *See* Compl. ¶¶ 96–136, ECF No. 1.

The Option Purchase Agreement reflects the parties' intent that arbitration is the appropriate and exclusive forum for any dispute arising out of the Agreement, stating:

> [A]ny and all disputes or claims that have arisen or may arise between you and us, whether arising out of or relating to this Agreement or the other Investment Documents, any advertising, or any aspect of the relationship or transactions between us, will be resolved exclusively through final and binding arbitration, rather than a court, in accordance with the terms of this Arbitration Agreement, except that you may assert individual claims in small claims court, if your claims qualify.

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Seattle | Tysons | Washington, D.C.

Honorable Georgette Castner, U.S.D.J.
May 11, 2026
Page 2

Compl. Ex. A at 24, § 8.13(a).[1]  Plaintiffs also agreed to arbitrate their claims on an individual and non-class basis.  *Id.* at 24–25, § 8.13(a), (c).  The parties stipulated that "[a]rbitration will be conducted by a neutral arbitrator in accordance with the American Arbitration Association's (the 'AAA') rules and procedures, including the AAA's Consumer Arbitration Rules (collectively, the 'AAA Rules'), as modified by this Arbitration Agreement."  *Id.* at 25, § 8.13(e) (emphasis removed).  The parties further agreed that "[a]ll issues are for the arbitrator to decide, including issues relating to the scope, enforceability, and arbitrability of this Arbitration Agreement."  *Id.*

The FAA requires courts to enforce arbitration agreements by compelling arbitration and staying litigation pending arbitration.  *See* 9 U.S.C. §§ 3-4.  Plaintiffs object to arbitration on the ground that the Truth in Lending Act "prohibits arbitration clauses in residential mortgages."  Compl. ¶ 78.  TILA provides that "[n]o residential mortgage loan . . . may include terms which require arbitration . . . as the method for resolving any controversy or settling any claims arising out of the transaction."  15 U.S.C. § 1639c(e)(1).

Plaintiffs' TILA-based objection to arbitration should fail.  Whether TILA bars arbitration is a threshold issue that the parties have delegated to the arbitrator to decide.  And even if this Court were to address that threshold issue, the Option Purchase Agreement is not a residential mortgage loan subject to TILA.  TILA therefore does not prevent arbitration.

The Option Purchase Agreement delegates all threshold issues of arbitrability to the arbitrator, stating: "[a]ll issues are for the arbitrator to decide, including issues relating to the scope, enforceability, and arbitrability of this Arbitration Agreement."  Compl. Ex. A at 25, § 8.13(e).  The Agreement also incorporates the AAA Rules.  *See id.*  Those provisions are "clear and unmistakable evidence" that the parties delegated threshold arbitrability issues to the arbitrator.  *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 321 (3d Cir. 2024) (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019)) (internal quotation marks omitted).  Plaintiffs' argument regarding TILA challenges the enforceability of the arbitration agreement and the arbitrability of their claims, and those are issues that the arbitrator is "empowered to decide."  *Young*, 119 F.4th at 321.

Given the delegation provisions, the only issue for this Court is whether the parties formed an agreement to delegate threshold arbitrability issues to the arbitrator.  *See id.*  State-law principles of contract formation govern that question, and New Jersey law applies here.  *See MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 402 (3d Cir. 2020); Compl. Ex. A at 24, § 8.12.  "Under New Jersey law, an agreement to arbitrate, like any other contract, must be the product of mutual assent, as determined under customary principles of contract law."  *James v. Glob. TelLink Corp.*, 852 F.3d 262, 265 (3d Cir. 2017) (brackets omitted).  Plaintiffs acknowledge that they "signed" and thus "entered into" the Option Purchase Agreement.  Compl. ¶¶ 4, 24. The arbitration agreement, which includes the delegation provisions, thus requires arbitration of the threshold issue of whether TILA applies.

---

[1] The cited page numbers correspond to the heading generated by the Court's ECF system.

Honorable Georgette Castner, U.S.D.J.
May 11, 2026
Page 3

Even if this Court did reach the TILA issue, contrary to the delegation provisions, TILA's bar on arbitration does not apply, because the Option Purchase Agreement is not a "residential mortgage loan." 15 U.S.C. § 1639c(e)(1). TILA defines "residential mortgage loan" to mean a "consumer credit transaction" that is "secured by a mortgage, deed of trust, or other equivalent consensual security interest on a dwelling or on residential real property that includes a dwelling." *Id.* § 1602(dd)(5) (emphasis added). To constitute a "consumer credit transaction" that could qualify as a "residential mortgage loan" subject to TILA's arbitration bar, an agreement must extend "credit," which TILA defines as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." *Id.* § 1602(f). In turn, an agreement is not a "credit transaction" if it does not require eventual repayment of a debt. *See Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1195 n.5 (7th Cir. 2021) ("[T]he plain meaning of 'credit transaction' contemplates an agreement by which the right of deferred payment is promised in exchange for some form of consideration."); *Foster v. Equitykey Real Est. Invs. L.P.*, No. 17-cv-67, 2017 WL 1862527, at *4 (N.D. Cal. May 9, 2017).

The Option Purchase Agreement does not require the repayment of any sum. Through the agreement, Hometap paid Plaintiffs $103,575 for the option to later purchase a share in the property's value. *See* Compl. Ex. A at 35. Plaintiffs never have to repay that sum. If Hometap exercises its option, Plaintiffs' only obligation is to allow Hometap to share in the property's value according to its ownership interest (21.523% if the property's value appreciates, and 17.936% if the property's value depreciates). *See id.* Rather than a loan, the Option Purchase Agreement is, consistent with its title, an option contract, which persuasive official commentary of the Consumer Financial Protection Bureau recognizes is excluded from the definition of "credit" under TILA. 12 C.F.R. Pt. 1026, Supp. I, Subpt. A, cmt. 2(a)(14)(1)(vii). Hometap's initial payment also functioned as an "investment" where Hometap "risk[ed] the loss of the capital advanced," which the commentary likewise recognizes is not "credit." *Id.* cmt. 2(a)(14)(1)(viii). TILA therefore does not prevent arbitration; the FAA requires it.

The FAA provides for a stay of proceedings where a party identifies any issues subject to arbitration under an arbitration agreement. Following a determination of arbitrability, a court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967) ("Section 3 requires a federal court in which suit has been brought upon any issue referable to arbitration under an agreement in writing for such arbitration to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement." (internal quotation marks omitted)); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004) (holding that under Section 3 of the FAA, an arbitrable action must be stayed if requested by one of the parties pending arbitration). The Court should compel arbitration and stay this action pending the resolution of arbitration.

Respectfully submitted,

*s/ Philip A. Goldstein*

Philip A. Goldstein

cc: All counsel of record (via CM/ECF)