# McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Philip A. Goldstein**
Direct: 212.548.2167
pagoldstein@mcguirewoods.com
Fax: 212.715.6275

May 11, 2026

**VIA CM/ECF**

Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> **Re:** ***Greenidge et al. v. Hometap Equity Partners, LLC et al.***
> **Case No. 3:26-cv-01431-GC-RLS**
> ***Request for Pre-Motion Conference for Motion to Stay Proceedings Pending Resolution of a Motion to Compel Arbitration***

Dear Judge Castner:

We represent defendants Hometap Equity Partners, LLC, and Hometap Investment Partners III SPV, LLC (collectively, "Hometap") and respectfully request a pre-motion conference regarding Hometap's anticipated motion to stay proceedings pending resolution of an anticipated motion to compel arbitration. By separate letter, Hometap requests a pre-motion conference on that anticipated motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. Because that motion raises a threshold, potentially dispositive issue, this matter should be stayed until the Court resolves it.

Plaintiffs Keicha Greenidge and Ryan P. Billey allege that the Option Purchase Agreement they signed with Hometap is a mortgage loan subject to federal and state lending laws. The Complaint asserts five counts: (1) violations of the Truth in Lending Act; (2) violations of the New Jersey Home Ownership Security Act; (3) violations of the New Jersey Consumer Fraud Act; (4) violations of the New Jersey Truth in Consumer Contract, Warranty and Notice Act; and (5) declaratory and injunctive relief. *See* Compl. ¶¶ 96–136, ECF No. 1.

It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Dwyer v. Cap. Invs. Mgmt. LLC*, No. CV2300003GCDEA, 2023 WL 9039526, at *4 (D.N.J. Dec. 29, 2023) ("A United States district court has broad power to stay proceedings."). In deciding whether to grant a stay, courts in this district weigh four factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the movant; (3) whether a stay would

Honorable Georgette Castner, U.S.D.J.
May 11, 2026
Page 2

simplify the issues and trial of the case; and (4) whether discovery is complete and/or a trial date is set. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

Each of the four factors favors a stay in this case.

*First*, a stay would not unduly prejudice Plaintiffs. "Delay inherently results from the issuance of a stay, but 'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Id.* at 447. This case is in its earliest stages; no scheduling order has been entered, and no discovery has been served. Further, should there be a determination that this dispute is arbitrable, a court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). Plaintiffs will suffer no prejudice from a brief pause while the Court addresses the threshold question of whether this dispute belongs in arbitration.

*Second*, denying the stay would impose clear hardship and inequity on Hometap. Requiring Hometap to participate in further proceedings (including the prospect of merits discovery) before the court decides whether this case should be proceeding in this forum at all would directly undermine the purpose of the parties' arbitration agreement. That hardship is acute because a putative class action "broadens the scope of discovery and adds a layer of complexity to the litigation." *Burress v. Freedom Mortg. Corp.*, No. 20-15242, 2021 WL 2661254, at *4 (D.N.J. May 26, 2021). If Hometap's motion to compel arbitration is granted, the prospect of that added complexity will be resolved.

*Third*, a stay would simplify the issues and the case. While a motion to compel arbitration may be decided by a magistrate judge, it is in many ways akin to a motion brought under Rule 12. *See generally Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004) ("Our prior decisions support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted."). Like a Rule 12 motion, a motion to compel arbitration asks the Court to determine, at the threshold, that claims asserted in the Complaint cannot proceed in the current forum—not because, for example, they fail to state a cognizable claim, but because the parties have agreed to resolve them elsewhere. *See* 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1360 (3d ed. 2026) (moving to compel arbitration and to stay action is among the preliminary motions not enumerated in Rule 12(b) but routinely entertained by federal courts); *see also Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) ("Motions to compel arbitration . . . are brought properly under Federal Rule of Civil Procedure 12(b)(3)[.]"); *Lemberg v. LuLaRoe, LLC*, No. EDCV1702102ABSHKX, 2018 WL 6927836, at *3 (C.D. Cal. Mar. 1, 2018) ("While courts may disagree as to whether a motion to compel arbitration constitutes a motion pursuant to Rules 12(b)(1), 12(b)(3), or 12(b)(6), courts generally agree that such a motion is a Rule 12(b) motion.").

A stay is warranted pending such a motion, as long as it "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law[.]" *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013). As discussed in Hometap's separate letter, Hometap's motion to compel arbitration has substantial grounds given the broad arbitration and delegation provisions in the Option Purchase Agreement,

Honorable Georgette Castner, U.S.D.J.
May 11, 2026
Page 3

and the persuasive authority supporting Hometap's position that the Agreement is enforceable.  As this Court held in *Gov't Emps. Ins. Co. v. Mian* regarding a stay of discovery, a brief stay of proceedings here would help simplify this matter by resolving the threshold arbitrability question first.  *See* No. 3:22-cv-00233 (GC) (RLS), Letter Order 7, ECF No. 225 (D.N.J. Sept. 18, 2023); *see also* 2024 WL 2057294, at *2 (D.N.J. May 8, 2024) (quoting ECF No. 225).

*Fourth*, discovery has not yet commenced, and no trial date has been set.  This case is at the earliest possible stage.  *See, e.g.*, *Anfibio v. Optio Sols. LLC*, No. 20-CV-11146-CCC-ESK, 2020 WL 8483808, at *2 (D.N.J. Dec. 30, 2020) (granting motion to stay discovery and finding the fourth factor satisfied where the parties had not engaged in significant discovery and a trial date was not scheduled).

Hometap respectfully requests that the Court schedule a pre-motion conference to address its motion to stay proceedings pending resolution of its motion to compel arbitration.  A brief stay of proceedings pending resolution of Hometap's motion will preserve the status quo, conserve judicial resources, and ensure that the parties' arbitration agreement serves its purpose of avoiding costly litigation.

Respectfully submitted,

*s/ Philip A. Goldstein*

Philip A. Goldstein


cc: All counsel of record (via CM/ECF)