**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEICHA GREENIDGE and RYAN P. BILLEY, H/W *on behalf of themselves and all others similarly situated*,<br><br>                                    Plaintiffs,<br><br>                    v.<br><br>HOMETAP EQUITY PARTNERS, LLC and HOMETAP INVESTMENT PARTNERS III SPV,<br><br><br>                                    Defendants. | Case No. 3:26-cv-01431 (GC)(RLS)<br><br><br>**DECLARATION OF ADAM JASKIEVIC IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br><br>**Motion Date: July 20, 2026** |

I, Adam Jaskievic, declare as follows:

1.      I am employed by Hometap Equity Partners, LLC as the Chief Compliance Officer.  I have personal knowledge of the facts contained in this declaration and if called upon to do so, could and would competently testify to the facts in this declaration.  I submit this declaration in support of Defendants' Motion to Compel Arbitration.

2.      Hometap Equity Partners, LLC is the manager of Hometap Investment Partners III SPV, LLC and signed the Option Purchase Agreement on behalf of Hometap Investment Partners III SPV, LLC.  I hereinafter refer to Hometap

Investment Partners III SPV, LLC and Hometap Equity Partners, LLC collectively as "Hometap."

3.    As the Chief Compliance Officer, I have access to Hometap's business records relating to option contracts entered into between Hometap and homeowners, including documents obtained from homeowners during and after the contract was entered into, which Hometap maintains for itself and any investors.  I am one of the custodians of records for Hometap's business records relating to Keicha Greenidge and Ryan P. Billey (collectively, the "Owners") and their contractual relationship with Hometap.  The records referred to herein were made and kept in the ordinary course of Hometap's business and were prepared in the normal course of business at or near the time of the events to which they refer or reflect.  I have reviewed Hometap's business records relating to the Owners, including the Option Purchase Agreement and the arbitration provisions contained therein, and I am familiar with their contents.

4.    Effective February 14, 2023, the Owners, as owners of the subject property located at 6 Cherise Court, Jackson Township, New Jersey 08527 (the "Property"), entered into the Option Purchase Agreement with Hometap, whereby Hometap made an initial investment payment of $103,575 to the Owners.  In exchange, the Owners granted Hometap an option to purchase an undivided 21.523% interest in the Property if the Property's value appreciated, and an

2

undivided 17.936% interest in the Property if the Property's value depreciated.  A true and correct copy of the Option Purchase Agreement is attached hereto as **Exhibit A** and incorporated herein by this reference.

5.      Section 8.13 of the Option Purchase Agreement (the "Arbitration Agreement") provides in relevant part as follows:

(a)    <u>Agreement to Arbitrate</u>. This Dispute Resolution by Binding Arbitration <u>Section 8.13</u> is referred to in this Agreement as the "**Arbitration Agreement.**" You agree that any and all disputes or claims that have arisen or may arise between you and us, whether arising out of or relating to this Agreement or the other Investment Documents, any advertising, or any aspect of the relationship or transactions between us, will be resolved exclusively through final and binding arbitration, rather than a court, in accordance with the terms of this Arbitration Agreement, except that you may assert individual claims in small claims court, if your claims qualify. Further, this Arbitration Agreement does not preclude you from bringing issues to the attention of federal, state, or local agencies, and such agencies can, if the law allows, seek relief against us on your behalf. You agree that, by entering into this Agreement, you and we are each waiving the right to a trial by jury or to participate in a class action. Your rights will be determined by a neutral arbitrator, not a judge or jury. The Federal Arbitration Act governs the interpretation and enforcement of this Arbitration Agreement.

*      *      *

(c) <u>PROHIBITION OF CLASS AND REPRESENTATIVE ACTIONS AND NON-INDIVIDUALIZED RELIEF</u>. YOU AND WE AGREE THAT EACH OF US MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR PROCEEDING. UNLESS BOTH YOU AND WE AGREE OTHERWISE, THE ARBITRATOR MAY NOT CONSOLIDATE OR JOIN MORE THAN ONE PERSON'S OR PARTY'S CLAIMS AND MAY NOT OTHERWISE

3

PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, OR CLASS PROCEEDING. ALSO, THE ARBITRATOR MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S), EXCEPT THAT YOU MAY PURSUE A CLAIM FOR AND THE ARBITRATOR MAY AWARD PUBLIC INJUNCTIVE RELIEF UNDER APPLICABLE LAW TO THE EXTENT REQUIRED FOR THE ENFORCEABILITY OF THIS PROVISION.

\*     \*     \*

(e)     <u>Arbitration Procedures</u>. Arbitration will be conducted by a neutral arbitrator in accordance with the American Arbitration Association's (the "**AAA**") rules and procedures, including the AAA's Consumer Arbitration Rules (collectively, the "**AAA Rules**"), as modified by this Arbitration Agreement. For information on the AAA, please visit its website, http://www.adr.org. Information about the AAA Rules and fees for consumer disputes can be found at the AAA's consumer arbitration page, http://www.adr.org/consumer. If there is any inconsistency between any term of the AAA Rules and any term of this Arbitration Agreement, the terms of this Arbitration Agreement will control unless the arbitrator determines that the application of the inconsistent Arbitration Agreement terms would not result in a fundamentally fair arbitration. The arbitrator must also follow the provisions of this Agreement as a court would. All issues are for the arbitrator to decide, including issues relating to the scope, enforceability, and arbitrability of this Arbitration Agreement. Although arbitration proceedings are usually simpler and more streamlined than trials and other judicial proceedings, the arbitrator can award the same damages and relief on an individual basis that a court can award to an individual under this Agreement and applicable law. Decisions by the arbitrator are enforceable in court and may be overturned by a court only for very limited reasons.

Ex. A at 23-24, § 8.13.

4

6.    By entering into the Option Purchase Agreement, which contained the Arbitration Agreement, the Owners affirmed their agreement to be bound by the Arbitration Agreement, which expressly states that the Owners agree to arbitrate "any and all disputes or claims that have arisen or may arise between you and us," including those "arising out of or relating to this Agreement or the other Investment Documents." *Id.* at 23, § 8.13(a). In addition, the Owners agreed that "[a]ll issues are for the arbitrator to decide, including issues relating to the scope, enforceability, and arbitrability of this Arbitration Agreement." *Id.* at 24, § 8.13(e).

7.    The Owners and Hometap agreed that, by entering into the Option Purchase Agreement, each "waiv[ed] the right . . . to participate in a class action." *Id.* at 23, § 8.13(a). The Owners and Hometap further agreed that each party "may bring claims against the other only on an individual basis and not as a plaintiff or class member in any purported class or representative action or proceeding." *Id.* at 24, § 8.13(c).

8.    On February 14, 2023, the Owners and Hometap entered into a mortgage and security agreement, which secured the Owners' performance under the Option Purchase Agreement. The mortgage and security agreement created a valid and enforceable lien against the Property and was recorded concurrently in the Ocean County, NJ Recorder's Office. A true and correct copy of the mortgage and

security agreement is attached hereto as **Exhibit B** and incorporated herein by this reference.

9.     On February 14, 2023, Hometap provided the Owners with the Notice of Right to Cancel the transaction effectuated by the Option Purchase Agreement. A true and correct copy of the Notice of Right to Cancel is attached hereto as **Exhibit C** and incorporated herein by this reference.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _6/26_ , 2026

Adam Jaskievic

6