# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ANGELA ROBERTS,**

**Plaintiff,**

**v.**

**UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., and CLEAR EDGE TITLE, INC.,**

**Defendants.**

**CIVIL ACTION NUMBER:**

**24-cv-1374-CPO**

**STATUS CONFERENCE HELD VIA TEAMS VIDEOCONFERENCE**

Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101
December 12, 2025
Commencing at 11:02 a.m.

**B E F O R E:** **THE HONORABLE CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**

**A P P E A R A N C E S:**

GUPTA WESSLER, LLP
BY: THOMAS SCOTT-RAILTON, ESQUIRE
2001 K STREET NW, SUITE 850 NORTH
WASHINGTON, DC 20006
For the Plaintiff

LAW OFFICE OF EDWARD HANRATTY
BY: EDWARD HANRATTY, ESQUIRE
57 WEST MAIN STREET
2nd FLOOR, SUITE 2D
FREEHOLD, NEW JERSEY 07728
For the Plaintiff

**Meta Goddard, CRR, RMR, CCR, Official Court Reporter**
**Meta_Goddard@njd.uscourts.gov**
**856-576-7063**

**Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.**

**A P P E A R A N C E S (Continued):**

McGLINCHEY STAFFORD PLLC
BY: ALEXANDER GREEN, ESQUIRE
112 WEST 34th STREET, SUITE 1515
NEW YORK, NEW YORK
For the Defendant Unlock Partnership Solutions

STRADLEY RONON STEVENS & YOUNG, LLP
BY: CHRISTOPHER A. REESE, ESQUIRE
457 HADDONFIELD ROAD, SUITE 100
CHERRY HILL, NEW JERSEY 08002
For the Defendant Unlock Partnership Solutions

McNALLY & BELLINO, LLC
BY: STEPHEN McNALLY, ESQUIRE
1814 EAST ROUTE 70, SUITE 350
CHERRY HILL, NEW JERSEY 08003
For the Defendant Clear Edge Title, Inc.

**ALSO PRESENT:**
Haley Minix, Courtroom Deputy
Page Kim, Law Clerk

(PROCEEDINGS held via Teams videoconference before The Honorable Christine P. O'Hearn, United States District Judge, at 11:02 a.m.)

THE COURT: Good morning everyone. We're on the record in the matter of Roberts versus Unlock.

Can I have appearances starting with the plaintiff?

MR. HANRATTY: Edward Hanratty for the plaintiff.

MR. SCOTT-RAILTON: Thomas Scott-Railton for the plaintiff.

THE COURT: And for defendants?

MR. GREEN: Alex Green for Unlock.

MR. REESE: And Christopher Reese for Unlock.

THE COURT: Okay. Is there someone else?

MR. McNALLY: Yes, one more. Stephen McNally on behalf of Clear Edge Title.

THE COURT: Counsel, I asked you to get on this call because, after the Court had spent an exorbitant amount of time on not one, but two motions to compel arbitration including two oral arguments, two rounds of briefing, and an Amended Complaint -- also an exorbitant amount of time in attorneys' fees expended by the plaintiff -- I suddenly, with no explanation, get what's filed as a motion but called a Notice of Withdrawal of the motion, no letter, no cover letter, nothing. And then, an answer is filed.

I would like an explanation from the defendant. The

Court has a draft opinion and was on the praecipe, quite frankly, of issuing it in the next day or two.

As you can tell, I'm not happy because it's an exorbitant waste of judicial resources as well as attorneys' fees and costs on both sides.

It's clear to me, but I'll wait and share what my feelings are as for the reason. I would like to know the reason from defendant, and what the plaintiff's position is and if there is any objection by the plaintiff. Because the Court has the inherent authority to manage its docket particularly in cases such as this.

So, I would like an explanation from the defendant.

MR. GREEN: Yes, Your Honor.

THE COURT: I can hardly hear you, Counsel. Something is not correct with your sound.

MR. GREEN: Is this a little better, Your Honor?

THE COURT: Haley, are you having the same issue? I can hear everyone else.

THE COURTROOM DEPUTY: He does sound faint, yes.

THE COURT: I can hardly hear you.

MR. GREEN: I can plug in headphones, Your Honor, which may help.

THE COURT: Whatever is easiest. I also want to be sure the court reporter can you.

MR. GREEN: Your Honor, is that any better?

THE COURT: Yes. Thank you.

MR. GREEN: Understood. Yes, Your Honor.

I did not have an opportunity to provide an explanation in the Notice of Withdrawal or the -- Your Honor, it was a miscoding, why it was coded as a motion. It was a Notice of Withdrawal in an answer, Your Honor. Didn't have an opportunity to explain but happy to do so here.

Your Honor, for the better part of a year, there had been some very loose settlement discussions between the parties, has not yielded any sort of offer exchange between the parties as of that time.

Your Honor, in this case there was litigation, amended complaints, there was an order to show cause, there was a hearing on the order to show cause, there were notices of supplemental authority that came out after the filing of the latest motion to compel arbitration.

Your Honor raised very deliberate, very difficult, very pointed questions during oral argument. So as we do constantly, Your Honor, we had a serious discussion with our client about the direction that they wanted to take with this particular lawsuit, Your Honor.

As you know, this seemed like the certain scenario where, no matter what happened with regard to Your Honor's ruling, an appeal was certainly possible, if not likely. There would be additional costs. There would be delays with that,

Your Honor.

Our client wished to reposture this case into one where it could pursue a settlement as expeditiously as it could given the -- you know, the posture is that we're asking for the Court to not have jurisdiction over this matter.

To do that, Your Honor, they wish to file an answer with a counterclaim to level set and put forth all of the disputes between the parties. And they also have put forth -- Your Honor, I'm not going to get into the specifics of it, Your Honor, but they put forth what they believe to be a serious settlement offer to the other side.

That was issued the same day as the Notice of Withdrawal and the answer, Your Honor. I had an initial conversation with plaintiff's counsel. They're going to get back with their client. There was some reason for optimism there, Your Honor, so we proceeded with that strategy.

Our hope was that this was the starting point of more serious settlement discussions and that perhaps it would be helpful to have a settlement conference that was administered by a magistrate judge of the court.

The only way to proceed with that, Your Honor, would be to submit to the jurisdiction of this Court; hence why there was a Notice of Withdrawal of the motion, Your Honor. That was the primary underlying reason behind the recent filings.

THE COURT: That's certainly not the only way. You

could have asked me to hold the motion in abeyance pending settlement discussions. I would have been happy to do that. You could have engaged in private settlement discussions. Or I could have sent you to the magistrate judge or held a conference myself since, at this point, I still have jurisdiction over the case until I decide that I don't.

You could always submit a letter on the docket and/or by chambers. Of course, the Court is always encouraged when there's any settlement discussions.

I have to say that the Court is suspect that, clearly, your client believes that my opinion would not be favorable. And on the very eve of the Court issuing an opinion, your client decides to suddenly file an answer. So I am less than pleased.

It is an exorbitant amount of time that the Court spends on motions, particularly motions of this nature that have been briefed not once but twice that have, first of all, a ton of documents attached to them and case law for an issue that is novel, statutorily complex, not to mention all the host of supplemental authorities that follow. So, it is a complete waste of judicial resources.

If you want to tell me you had a settlement, I would have been happy to hear that.

I would like to hear from the plaintiff's perspective as to whether they think that it was a bona fide settlement

offer or not, where you are in those discussions -- if we need to go off the record to have that conversation, we will -- and whether there's any objection from the plaintiff, particularly since it's the plaintiff who, I assume, has taken this on a contingency fee and not an hourly rate -- who has incurred over the past year or so, all of these fees and costs in going through what the defendant has suddenly without explanation decided to abandon.

What is the plaintiff's position?

MR. SCOTT-RAILTON. Good morning, Your Honor.

As to settlement, I think we are nowhere near a settlement. I think we are very far apart. I think that's probably what I can say on the record.

We don't think that a settlement conference before the magistrate judge, Your Honor, would be productive at this time given the very limited communications that have happened so far around settlement.

As to the defendant's notice or motion to withdraw, I think we would oppose that to the extent that they are trying to seek to deprive the Court of any ability to say what the law is about legal issues that were fully briefed and argued; and that, I think importantly, remain at the heart of the merits of this case. I mean this is --

THE COURT: That's my second question. Let me interrupt you for one second.

Am I correct that, assuming the case doesn't settle, somebody ultimately has to decide whether or not TILA applies for all of your substantive claims, nearly all of them, regardless of whether or not there's a motion to compel arbitration.

So it seems like a colossal waste of time to abandon that when it's all been freshly argued, freshly briefed, and is necessary for the disposition of the claims anyway. Isn't it?

MR. SCOTT-RAILTON: Exactly.

THE COURT: Okay. So here's what we're going to do.

I am going to administratively terminate the motion. I'm not going to allow it, at this point, to be withdrawn.

Mr. Green, your client is going to need to file something showing me that you have the authority and the unilateral ability to simply withdraw a motion, given the tortuous history that this motion and the predecessor motion had, the amount of time the Court spent, that the Court already held oral argument, and the Court indicated that an opinion was going to be coming forthwith -- all of that, the record, I think, will reflect was discussed -- and that the plaintiff opposes it.

Mr. Green, you can submit something in response. I will then decide -- I will not issue an opinion now. I will decide whether or not the defendant should be permitted to withdraw their motion. I'm not going to do the research for

them. They're going to have to do it.

My understanding is the Court has inherent authority to manage the docket. At the very least, that that would potentially include the ability to, particularly given what was just explained by the plaintiff, award counsel fees for the past year or so that the plaintiff has incurred in opposing this.

I wish I could charge by the hour for all the time the Court has spent, and my law clerk, on this matter. Obviously, I can't do that.

I want to know whether or not you have the unilateral right to do that given the posture. We're not talking about a case where the motion was filed a month ago where the briefs aren't done or that's been languishing on the docket and the Court hasn't had any involvement in and/or let alone oral argument and indicated a decision was coming.

This seems to me strategically to be done solely because the Court apparently gave an indication that -- and I think I was pretty clear in the pointed questions I asked, that it would likely not be a favorable decision. Generally, that is not the way that this works with motion practice.

Mr. Green, you're going to submit a brief. How much time do you need to do that? It will be less than 10 pages.

MR. GREEN: Less than 10 pages, Your Honor. If you'll allow me a moment to look at my calendar, Your Honor?

THE COURT: Sure.

Haley, can you check the docket and make sure the motion still shows it's active, please.

THE COURTROOM DEPUTY: It is, I just looked. Do you want to keep the motion to withdraw active or --

THE COURT: Is that still docketed as a motion?

THE COURTROOM DEPUTY: It is, yes.

THE COURT: Okay. We'll do a text order that, in light of the motion to withdraw, the underlying motion is administratively terminated pending the Court's disposition of the motion to withdraw.

That will remove it from the December list. Right? Okay.

Mr. Green, how much time do you need to do that?

MR. GREEN: Your Honor, merely because of the existence of the holiday, we would like until the end of this month.

THE COURT: Okay. Is there any objection by plaintiff to that request for amount of time, until the 31st?

MR. SCOTT-RAILTON: We don't object but we would request a chance to respond to that.

THE COURT: Of course. How long do you need? If I have him file something by the 31st, how much time do you need to file a response? That's giving him approximately three weeks.

MR. SCOTT-RAILTON: We would take about three weeks as well.

THE COURT: Is the 31st during the week, Haley?

THE COURTROOM DEPUTY: Yes.

THE COURT: Okay. What's about three weeks after that during the week? Can someone look and give me a date, please.

MR. GREEN: It looks like the 21st of January, Your Honor.

THE COURT: I have a habit of picking a date that ends up being a Saturday or a Sunday, which is never purposeful but causes problems. Okay.

And then, any reply to that can be filed by the 28th. So we're not going to do this on regular motion days. They will be the due dates. That will be reflective in the order.

The defendant's brief will have to be filed by the 31st, any opposition by the plaintiff by the 21st, and any response or reply by the 28th.

I'm requesting that it be 15 pages or less. I really prefer 10. If for some reason you do the research and it's inordinately complicated and you think it warrants more than that, you can put a letter on the docket and I'll consider it. But I would be surprised if that's the case. And, we'll go from there.

The Court does have the inherent authority to manage its docket. I'm not simply going to allow the defendant to

unilaterally do this unless it can show me that, in fact, it has the power to do that, number one; and that it has the power to do that without the Court having the power to order some remedy.

There are various things that come to mind. One can be counsel fees to the plaintiff. Obviously, the other is that the defendant is abandoning the argument with respect to a motion to compel arbitration with prejudice, which it seems to do; but what it doesn't say is, We're not abandoning our argument that TILA doesn't apply.

They want to be able to continue to argue that. Is that correct, Mr. Green?

MR. GREEN: Yes, Your Honor.

THE COURT: That's the problem I have, that those issues are intertwined and necessarily in order to decide your motion, the Court necessarily has to decide whether or not TILA applies, and that this is an issue that doesn't go away by you withdrawing your motion.

It makes no sense to me other than the fact that you want an opportunity to settle the case; because perhaps now, you see the writing on the wall and you think you should do that now and you don't want a published opinion.

I don't know. Maybe you could convince me otherwise, but that's certainly what the timing and the circumstances suggest to me.

If this was an issue that you told me your client was permanently walking away from, different case; but you want to kind of pick and choose. You want to say, Well, don't decide it for the motion to compel but we're going to continue to maintain that TILA applies.

If that's the case, it seems to me to still be a live dispute and a live issue. Perhaps the plaintiff should consider adding or filing a motion for declaratory judgment on that issue whether or not TILA applies, since it's already been teed up. Because, quite frankly -- and again, I'm not saying you need to do this, Counsel, but I'm suggesting stream of consciousness.

It certainly is going to frame the issues of discovery. It is certainly going to target the issues. And it will certainly tee up the issue of whether or not this case should be settled pretty quickly, I would presume, and will be decided at some point in the case.

It doesn't seem to me to really be made in good faith to be withdrawing the motion at this time given that I'm going to have to decide this issue anyway.

So you can perhaps, as I said, Mr. Green, convince me otherwise; but it seems to me at the very least, plaintiff should be entitled to be compensated for all the time that they have spent in opposing your motions.

This will be something that I will decide. I want to

make clear that between now -- I want to see these briefs.

I will not accept, We have resolved this, Judge, we're going to compensate plaintiff for their fees, and so you don't need to decide whether or not we can withdraw, the plaintiff is going to withdraw their opposition.

I have the authority to manage my docket. I will decide whether or not this motion can or cannot be withdrawn; and if so, under what circumstances. That's the way that we'll handle it.

If something changes between now and the 28th and you think that settlement discussions are fruitful or would be helpful to have a magistrate judge involved, you can certainly let me know that as well. It doesn't sound like that's the case.

Anything else from the defendant today?

MR. GREEN: No, Your Honor, not today.

THE COURT: Anything else from the plaintiff today?

MR. SCOTT-RAILTON: No, Your Honor.

THE COURT: Haley, who is the magistrate judge?

THE COURTROOM DEPUTY: Judge Donio. Judge, you didn't set a page limit for the reply brief. I don't know if you want that to be 15 pages as well or shorter.

THE COURT: Have them all be 15 pages.

THE COURTROOM DEPUTY: Okay.

THE COURT: Can you please let Judge Donio's courtroom

deputy know not to schedule an initial conference in this case.

Often, as soon as the answer is filed, and if they don't go back and look at the docket, they're not going to see that we have pending issues. Let her know that I may need to reactivate the motion to dismiss after I address this issue.

THE COURTROOM DEPUTY: Okay.

THE COURT: That way, we're not expending double efforts.

Counsel, thank you very much. Have a happy holiday season. We will address this issue forthwith very promptly when I get all of your briefing.

MR. SCOTT-RAILTON: Thank you, Your Honor.

MR. HANRATTY: Thank you, Your Honor.

MR. GREEN: Thank you, Your Honor.

MR. REESE: Thank you, Your Honor.

MR. McNALLY: Thank you, Your Honor.

THE COURT: We're adjourned. Thank you.

(Proceedings concluded at 11:20 a.m.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/S/ Meta Goddard, RMR, CRR, CCR-NJ*
*Official Court Reporter*

*1/27/2026*
*Date*