**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEICHA GREENIDGE and RYAN P. BILLEY, H/W, on behalf of themselves and all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOMETAP EQUITY PARTNERS, LLC, et al.,<br><br>Defendants. | Civil Action No. 26-1431 (GC) (RLS)<br><br>**ORDER GRANTING *PRO HAC VICE* APPLICATION** |

**THIS MATTER** having been brought before the Court upon the Motion by Plaintiffs Keicha Greenidge and Ryan P. Billey (collectively, "Plaintiffs") for Leave to Permit Jennifer Wagner, Esq., of the National Consumer Law Center, to Appear *Pro Hac Vice* (Doc. Nos. 22, 24); and no opposition having been filed; and the Court having considered the Certifications filed in support thereof as well as Local Civil Rule 101.1(c); and for good cause shown,

**IT IS** on this **20th** day of **July 2026** hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED**; and it is further

**ORDERED** that Jennifer Wagner, Esq., of the National Consumer Law Center, is granted leave to appear *pro hac vice* in this matter. Counsel *pro hac vice* may not withdraw as counsel without leave of this Court before the action is terminated; and it is further

**ORDERED** that counsel *pro hac vice* shall abide by the Rules of the United States District Court for the District of New Jersey, including its ethical and disciplinary rules. Counsel *pro hac vice* is subject to this Court's disciplinary jurisdiction; and it is further

**ORDERED** that counsel *pro hac vice* shall promptly advise the Court of the disposition of any pending charges or the institution of new disciplinary proceedings in any jurisdiction in which she is admitted; and it is further

**ORDERED** that counsel *pro hac vice* shall make the payment to the New Jersey Lawyers' Fund for Client Protection as required by New Jersey Court Rule 1:28-2(a) and shall comply with New Jersey Court Rule 1:21-2(a). This payment must be made for any year in which counsel *pro hac vice* continues to represent a client in a matter pending in this Court; and it is further

**ORDERED** that counsel *pro hac vice* shall make the appropriate payment to the Clerk of this Court pursuant to Local Civil Rule 101.1(c)(3); and it is further

**ORDERED** that only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgment, decrees, or orders. Such attorney at law of this Court must be served with all papers in this action and shall be responsible for the conduct of counsel *pro hac vice* in this matter. Counsel *pro hac vice* is deemed to have certified under Rule 11 of the Federal Rules of Civil Procedure to those pleadings, written motions, or other papers that the counsel signs, files, submits, or later advocates to the Court; and it is further

**ORDERED** that counsel *pro hac vice* is deemed to have agreed to take no fee in

any tort case in excess of New Jersey Court Rule 1:21-7, governing contingent fees; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 22.

**SO ORDERED.**

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**