# Exhibit B

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES BOYD OLSON; JANINE OLSON,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>UNISON AGREEMENT CORPORATION,<br><br>Defendant-Appellee, | No. 23-2835<br><br>D.C. No. 2:22-cv-01859-RAJ<br>Western District of Washington, Seattle<br><br>ORDER |

Before: S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.
Dissent by Judge Collins

The parties' "Stipulated Motion to Voluntarily Dismiss Appeal" (Dkt. 71) is GRANTED, and this appeal is DISMISSED. Defendant's Petition for Rehearing and Rehearing En Banc (Dkt. 70) is DENIED AS MOOT. This order serves as the mandate of this court.

COLLINS, Circuit Judge, dissenting:

I dissent from the majority's decision to vacate this court's August 7, 2025 judgment, which reversed the district court's dismissal of this action, and to replace it with a judgment dismissing the appeal, which leaves the district court's judgment in place. Because the alteration of a judicial judgment entered by a panel of Article III judges is not relief that the "circuit clerk" may grant, the parties' joint motion to dismiss this appeal is not governed by Federal Rule of Appellate Procedure 42(b)(1), but by Rule 42(b)(2). *Compare* FED. R. APP. P. 42(b)(1)

(stating that the "*circuit clerk* must dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any court fees that are due" (emphasis added)) *with* Fed. R. App. P. 42(b)(2) (stating that, in all other circumstances, "[a]n appeal *may* be dismissed on the appellant's motion" (emphasis added)). We therefore have discretion whether to grant or deny the motion for voluntary dismissal, and I would deny the motion. "[E]ven in the absence of a request to vacate an opinion, granting a motion to dismiss at this stage, days before issuance of a mandate, which would result in a modification or vacatur of our judgment, is neither required nor a proper use of the judicial system." *Cisco Sys., Inc. v. K. Mizra LLC*, 121 F.4th 1310, 1311 (Fed. Cir. 2024) (simplified); *cf. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) ("We hold that mootness by reason of settlement does not justify vacatur of a judgment under review."). To the extent that the joint motion for voluntary dismissal reflects the parties' settlement of the matter, the parties would have been free, upon remand from our August 7, 2025 judgment, to take steps to dismiss the matter with prejudice in the district court. *Cisco Sys.*, 121 F.4th at 1311. Granting voluntary dismissal of this "appeal after the appeal has been decided" is thus unwarranted, *Miller v. Anderson*, 268 F.3d 485, 486 (7th Cir. 2001), and the majority points to no authority or reasoning that would justify such an action here.